David W. Knotts, ISB No. 3627
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone:  208.344.6000
Facsimile:  208.954.5201
Email: dknotts@hawleytroxell.com

Joshua Bachrach, *Pro Hac Vice*
WILSON ELSER MOSKOWITZ EDELMAN &
DICKER, LLP
Two Commerce Square
2001 Market Street, Suite 3100
Philadelphia, PA 19103
Telephone:  215.627.6900
Facsimile:  215.627.2665
Email:  Joshua.bachrach@wilsonelser.com

Attorneys for Defendant Reliance Standard Life
Insurance Company

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CARYN SHEPLER,<br><br>            Plaintiff,<br><br>vs.<br><br>RELIANCE STANDARD LIFE INSURANCE COMPANY; and DOES 1 through 10, inclusive,<br><br>            Defendants. | Case No. 2:21-cv-00299<br><br>ANSWER |

ANSWER - 1

## ANSWER

Defendant Reliance Standard Life Insurance Company, by and through its attorneys, hereby answers Plaintiff's Complaint and asserts Affirmative and other Defenses as follows:

## GENERAL DENIAL

Defendant denies each and every allegation of the Plaintiff's Complaint not herein expressly and specifically admitted.

## INTRODUCTION

1. To the extent that a response is required to this paragraph, the averments in it are denied.

## THE PARTIES

2. Admitted upon information and belief.

3. Admitted in part and denied in part. It is denied that Defendant promised to pay disability benefits to Plaintiff should she become disabled. A claimant must satisfy each of the terms and conditions in the policy. The remaining averments are admitted.

4. No answer is required of Defendant to this paragraph. To the extent an answer might be required, any liability to Plaintiff is specifically denied.

## JURISDICTION AND VENUE

5. No answer is required to this paragraph as it states legal conclusions. To the extent any response is required, it is denied that Plaintiff is entitled to recover benefits or to enforce any rights under the Plan.

6. No answer is required to this paragraph as it states legal conclusions. To the extent any response is required, it is denied that Defendant breached the terms of the Plan.

## GENERAL ALLEGATIONS

7.      Admitted in part and denied in part.  It is admitted only that Plaintiff was employed for a certain time by West Corporation, and had certain job responsibilities.  The remainder of the averments are denied as stated.  By way of further response, at the time benefits ended, Plaintiff was no longer eligible to receive them.

8.      Admitted in part and denied in part. It is admitted that the policy states in part the language quoted by Plaintiff. The remaining averments are denied.

9.      Admitted in part and denied in part. It is admitted that the Elimination Period for the claim was 180 days. The remaining averments are denied.

10.     Admitted in part and denied in part. It is admitted that Reliance paid "any occupation" benefits to Plaintiff for approximately two years. The remaining averments are denied.

11.     Admitted in part and denied in part. It is admitted only that Plaintiff stopped working on or about October 4, 2012. The remaining averments are denied as stated.

12.     Admitted in part and denied in part. It is admitted only that Dr. Jensen prepared a Health Care Provider Certification on or about October 8, 2012. The remaining averments are denied as stated as the Form is a document, the contents of which speak for themselves and Plaintiff has not quoted from it.

13.     Admitted in part and denied in part. It is admitted only that on or about April 30, 2012, Plaintiff submitted an LTD claim to Defendant along with an APS from Dr. Jensen. The remaining averments are denied as stated as the APS is a document, the contents of which speak for themselves and Plaintiff has not quoted from it.

14. Denied as stated as the referenced reports are documents, the contents of which speak for themselves and Plaintiff has not quoted from them.

15. Denied as stated.

16. Admitted in part and denied in part. It is admitted that in or about November 2014, Defendant investigated whether Plaintiff satisfied the any occupation disability standard and obtained updated information and requested that Plaintiff submit responses to an ADL questionnaire. The remaining averments are denied as stated.

17. Admitted in part and denied in part. It is admitted only that Nurse DiFalco completed a review of the records on or about May 4, 2015 and her report included the quoted language. The remaining averments are denied as stated as the report is a document, the contents of which speak for themselves and Plaintiff has not quoted from it.

18. Admitted.

19. Denied as stated.

20. Denied as stated as the referenced records are documents, the contents of which speak for themselves and Plaintiff has not quoted from them.

21. Denied as stated as the referenced reports are documents, the contents of which speak for themselves and Plaintiff has not quoted from them.

22. Denied as stated as the referenced reports are documents, the contents of which speak for themselves and Plaintiff has not quoted from them.

23. Denied as stated as the referenced report is a document, the contents of which speak for themselves and Plaintiff has not quoted from it.

24. Denied as stated as the referenced reports are documents, the contents of which speak for themselves and Plaintiff has not quoted from them.

25. Denied as stated as the referenced report is a document, the contents of which speak for themselves and Plaintiff has not quoted from it.

26. Admitted in part and denied in part. It is admitted only that Defendant asked Plaintiff to maintain a daily headache log and that the criteria are as stated in this paragraph. The remaining averments are denied as stated as the logs are documents, the contents of which speak for themselves and Plaintiff has not quoted from them.

27. Admitted in part and denied in part. It is admitted only that On March 10, 2017 Reliance Standard requested updated medical information and completion of an ADL Questionnaire, and the Questionnaire was completed on or about April 10, 2017. The remaining averments are denied.

28. Admitted in part and denied in part. It is admitted only that on or about May 23, 2017, Defendant discontinued disability benefits beyond May 1, 2017 after concluding that benefits were no longer payable under the any occupation standard. It is further admitted that Plaintiff has the transferrable skills and physical ability to perform the duties of several sedentary occupations. The remaining averments are denied.

29. Admitted in part and denied in part. It is admitted only that Nurse Sweeney reviewed the medical file and that vocational rehabilitation specialist Barach performed a REA and concluded that Plaintiff has the skills to perform at least five alternative sedentary occupations. The remaining averments are denied. By way of further response, Defendant relied on all of the information regarding the claim in reaching its conclusion.

ANSWER - 5

30. Admitted in part and denied in part. It is admitted only that Nurse Sweeney conducted a review on or about May 15, 2017 and that it includes the quoted language. The remaining averments are denied as stated as the report is a document, the contents of which speak for themselves and Plaintiff has not quoted from it.

31. Admitted in part and denied in part. It is admitted only that Plaintiff's alleged vision problem resolved. The remaining averments are denied.

32. Admitted in part and denied in part. It is admitted only that Ms. Barach's May 19, 2017 REA identified five alternative sedentary occupations Plaintiff can physically perform based on her education and vocational experience, including the ones stated in this paragraph. The remaining averments are denied.

33. Admitted in part and denied in part. It is admitted only that in November 2017, Plaintiff sent a letter to Defendant requesting an appeal from the claim denial. The remaining averments are denied as stated as the letter and other materials referenced in it are documents, the contents of which speak for themselves and Plaintiff has not quoted from them.

34. Admitted in part and denied in part. It is admitted only that with her appeal, Plaintiff submitted the letters referenced in this paragraph. The remaining averments are denied as stated as the letters are documents, the contents of which speak for themselves and Plaintiff has not quoted from them.

35. Admitted in part and denied in part. It is admitted that Reliance Standard requested an ADL Questionnaire from Plaintiff which Plaintiff completed on or about January 23, 2018. The remaining averments are denied as stated as the completed Questionnaire is a document, the contents of which speak for themselves and Plaintiff has not quoted from it.

36.     Admitted in part and denied in part. It is admitted only that the records were reviewed by Drs. Farache, a neurologist, and Clark, an ENT specialist. It is further admitted that both doctors concluded that Plaintiff has full-time work capabilities as outlined in their reports. The remaining averments are denied.

37.     Denied as stated as Dr. Farache's report is a document, the contents of which speak for themselves and Plaintiff has not quoted from it.

38.     Denied as stated as Dr. Clark's report is a document, the contents of which speak for themselves and Plaintiff has not quoted from it.

39.     Admitted in part and denied in part. It is admitted that a second REA was performed by vocational rehabilitation specialist Carol Vroman during the appeal and that she identified five alternative occupations that are within the restrictions identified by Drs. Farache and Clark. It is further admitted that the report was "presented with a reasonable degree of Vocational Rehabilitation certainty." The remaining averments are denied.

40.     Admitted in part and denied in part. It is admitted that the quoted language appears in the referenced document. The remaining averments are denied.

41.     Denied.

42.     Admitted in part and denied in part. It is admitted that during the appeal, Rodney Johnson, M.D., Ph.D., a neurologist, conducted an IME of Plaintiff on July 20, 2018. The remaining averments are denied as stated as the report of Dr. Johnson is a document, the contents of which speak for themselves and Plaintiff has not quoted from it. This paragraph also includes legal conclusions that are denied.

43. Admitted in part and denied in part. It is admitted that the policy requires a claimant to submit satisfactory proof of total disability. The averments regarding the doctor's report are denied as stated as the report of Dr. Johnson is a document, the contents of which speak for themselves and Plaintiff has not quoted from it. This paragraph also includes legal conclusions that are denied. The rest of the averments of the paragraph are denied.

44. The averments regarding the doctor's report are denied as stated as the report of Dr. Johnson is a document, the contents of which speak for themselves and Plaintiff has not quoted from it. The remaining averments are denied.

45. Denied.

46. Denied.

47. Admitted in part and denied in part. It is admitted only that Plaintiff became disabled as defined by the policy on October 4, 2012 and that Defendant continued to pay disability benefits under the any occupation test for a period of time. The remaining averments are denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Admitted in part and denied in part. It is admitted that Plaintiff was awarded Social Security benefits in or about April 2013 and that Defendant has a right to take an offset based on Plaintiff's receipt of Social Security benefits. The remaining averments are denied.

58. No answer is required to these averments as they state conclusions of law. To the extent an answer is required, the averments of the paragraph are denied.

59. Denied.

## COUNT ONE

60. Defendant incorporates by reference its responses to the prior paragraphs as though set forth herein at length.

61. Admitted.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

WHEREFORE, Defendant Reliance Standard Life Insurance Company denies liability to Plaintiff and requests that the Court enter judgment in its favor on all claims.

## AFFIRMATIVE AND OTHER DEFENSES

By stating these defenses, Defendant does not admit it bears the burden of proof to them.

1. Plaintiff's Complaint fails to state a claim against Defendant.

2. No additional benefits are payable under the terms of the Policy.

3. Plaintiff received the maximum benefit for a claim that is caused by or contributed to by a mental or nervous disorder.

4. Plaintiff is not physically Totally Disabled from Any Occupation.

5. Plaintiff failed to sustain her burden of proving that she was Totally Disabled at the time benefits ended.

6. The denial of the claim was not wrong.

7. The denial of the claim was not arbitrary and capricious.

8. The denial of the claim was not influenced by any conflict of interest.

9. Plaintiff received a full and fair review.

10. Plaintiff is no longer a participant of the Plan.

11. The decision of the Social Security Administration is not binding on Defendant.

12. The opinions of Plaintiff's treating physicians are not entitled to special weight.

WHEREFORE, Defendant Reliance Standard Life Insurance Company denies liability to Plaintiff and requests that the Court enter judgment in its favor on all claims.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for relief as follows:

1. That Plaintiff's Complaint be dismissed and Plaintiff takes nothing thereby;

2. For attorneys' fees and costs incurred in defending the Complaint; and

3. For such other and further relief as the Court deems just and proper.

DATED THIS 23rd day of August, 2021.

                                        HAWLEY TROXELL ENNIS & HAWLEY LLP

                                        /s/ *David W. Knotts*
                                        David W. Knotts, ISB No. 3627

                                        WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP

                                        /s/ *Joshua Bachrach*
                                        Joshua Bachrach, *Pro Hac Vice*

                                        *Attorneys for Defendant Reliance Standard Life Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of August, 2021, I electronically filed the foregoing ANSWER with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Eric S. Rossman | erossman@rossmanlaw.com |
| Erica S. Phillips | ephillips@rossmanlaw.com |
| Matthew G. Gunn | mgunn@rossmanlaw.com |
| ROSSMAN LAW GROUP, PLLC | icourt: rlg@rossmanlaw.com |
| | |
| Robert J. McKennon | rm@mckennonlawgroup.com |
| Joseph S. Hoff (Pro Hac Vice) | |
| McKENNON LAW GROUP, PC | |

                                                  */s/ David W. Knotts*
                                                  DAVID W. KNOTTS